United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50411
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DAVID VANWINKLE,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-161-ALL

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John David Vanwinkle (Vanwinkle) appeals his sentence for

distribution of pseudoephedrine with intent to manufacture

methamphetamine, a violation of 21 U.S.C. §§ 843(a)(7) and (d)(2).

Vanwinkle argues that the district court erred in applying the

U.S.S.G. § 2D1.12 cross reference, thereby holding him accountable

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under § 1B1.3 (Relevant Conduct) for the manufacturing of methamphetamine performed by others.

Specifically, Vanwinkle contends that there was not sufficient evidence presented to prove that he agreed to jointly undertake the activity of manufacturing methamphetamine or that it was reasonably foreseeable to him that the pseudoephedrine he sold to the informant would be used to manufacture methamphetamine.

Vanwinkle failed to present rebuttal evidence at the sentencing hearing. The facts in the PSR and testimony presented at the hearing have an adequate evidentiary basis to support the district court's finding. United States v. Puig-Infante, 19 F.3d 929, 942 (5th Cir. 1994). Therefore, the district court did not clearly err in holding Vanwinkle accountable under the relevant conduct provision in the Guidelines for the manufacturing of methamphetamine performed by others. United States v. Cooper, 274 F.3d 230, 238 (5th Cir. 2001).

**AFFIRMED.**